THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE
    SIBLEY et al., Respondents, *v.* LAWRENCE GRESSER, as
    President of the Borough of Queens, City of New York,
    Defendant.

THE LONG ISLAND RAILROAD COMPANY, Appellant.

**Mandamus — railroads — obstruction of street by railroad tracks
outside of land appropriated for railroad purposes — when writ
of mandamus will issue to compel municipal officers to remove
such tracks.**

1. When an officer of a municipality, who is charged by its char-
ter with the duty of removing unlawful incumbrances from the
public streets, fails to do so, property owners who are prejudiced
thereby may compel action by mandamus.

2. Judgment awarding the writ necessarily follows where it is
established that a railroad company laid a large number of tracks
in a street beyond the land originally and lawfully appropriated
to the construction of its main line and by the storage of freight
and other cars on such tracks, obstructed the public easement by
practically closing the street.

3. The use of the street having been found to be unauthorized,
the judgment should not be confined to an alternative demand that
the railroad company restore the street to its former state or to such
state as not unnecessarily to impair its usefulness. Section 11
of the Railroad Law (L. 1890, ch. 565; Cons. Laws, chap. 49, § 21)
has no application to such a case.

*People ex rel. Sibley* v. *Gresser*, 146 App. Div. 919, affirmed.

(Argued February 21, 1912; decided March 19, 1912.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the second judicial department,
entered October 21, 1911, affirming a judgment in favor
of plaintiffs entered upon a decision of the court on
trial at Special Term.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*William C. Beecher* and *Joseph F. Keany* for appel-
lant. Under the Railroad Law, the remedy or relief which
the relators can obtain, assuming that they are entitled

to substantial relief herein, is that the railroad company shall restore the street to "such state as not to have unnecessarily impaired its usefulness." (Consol. Laws, ch. 49, § 11.)

*Henry B. Salisbury* for respondents. The relators adopted the proper remedy. Section 21 of the Railroad Law contemplated a condition where a railroad is to be lawfully constructed, with lawful authority, upon a public highway, and it directs the restoration of the highway by the railroad so as not "unnecessarily to impair its usefulness." It never contemplated the unlawful "taking and holding," obstructing and discontinuing of a public highway without permit, leave or consent from any competent body and without any lawful conditions precedent. The incumbrances of Hamilton street were unlawful incumbrances, and it was the duty of the borough president to remove unlawful incumbrances from the highway. (L. 1901, ch. 466, § 383; L. 1907, ch. 383; *People ex rel. Cross* v. *Ahearn,* 124 App. Div. 840; *Ackerman* v. *True,* 175 N. Y. 353; *Butler* v. *Hawthorne,* 123 App. Div. 65; *People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390.)

GRAY, J. On the petition of the relators, residents of the fourth ward of the borough of Queens, an alternative writ of mandamus issued, directing the president of the borough to show cause why he should not forthwith remove certain railroad tracks of the Long Island Railroad Company, which incumbered and obstructed Hamilton street. The petition alleged that Hamilton street was a public highway; that the railroad company, under its charter, had originally constructed its main line of railroad across the street, using a strip of land sixty feet in width; that, without any leave, or right, it had, in 1905, laid across the street, south of its main line, for a distance of some 200 feet, sixteen more tracks and that continuously, since then, it had occupied the street with the

tracks and with freight trains upon them, in such manner as to render the street useless and to obstruct the public passage over it. The railroad company applied for, and obtained, leave to intervene in the proceeding. Returns being made to the writ, the issues of fact were tried before a jury and were determined by a verdict directed by the court in favor of the relators. Thereafter, judgment was entered directing a peremptory writ of mandamus to issue, as prayed for by the relators, commanding the president of the borough to remove the sixteen tracks from Hamilton street. The Appellate Division affirmed the judgment and the railroad company, intervenor, has further appealed to this court from the judgment of affirmance. There was no conflict in the evidence as to the material facts and the trial court properly directed the jurors to return a verdict for the relators, to the effect, that Hamilton street was, and had been, a public highway; that the public had a right to pass and repass thereon, and freely to use it as such, and that, by the construction of sixteen freight tracks south of its main line and the storage of freight and other cars upon them, the Long Island Railroad Company, for several years past, had obstructed the use of the street and had interrupted the passage of the public over it. Upon these facts, it was clear that the relators were prejudiced in their rights as citizens and property owners, and that they were entitled to maintain this proceeding. (*People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390; *Buchholz* v. *N. Y., L. E. & W. R. R. Co.,* 148 N. Y. 640, 643.) They had the right to compel the president of their borough to perform the duty imposed upon him by the charter of the city of removing unlawful incumbrances from the public street. (Greater New York Charter of 1901, sec. 383, as amended, Laws of 1907, chap. 383, sec. 388.) The judgment awarding the peremptory writ of mandamus, necessarily, followed upon its being established that the railroad company had

laid other tracks across the street, beyond the strip of land originally and lawfully appropriated to the construction of its main line, without authority and had obstructed the public easement by practically closing the street. Its intervention in the proceeding was useless and ineffectual to prevent the granting of the relief asked for; unless it could establish that authority for its construction across the public highway of the tracks had been conferred in accordance with the provisions of the statute upon the subject.

The appellant, however, contends that the judgment should, nevertheless, be so modified as to allow it to operate its properties at this point " upon its making the crossing usable to the public." It is argued that section 11 of the Railroad Law (L. 1890, ch. 565) points that out as the remedy and that presents the only question of any importance on this appeal. That section reads, so far as material: " Every railroad corporation which shall build its road along, across or upon any * * * highway, * * * which the route of its road shall intersect or touch, shall restore the * * * highway, * * * thus intersected or touched, to its former state, or to such state as not to have unnecessarily impaired its usefulness," etc. The appellant urges that this alternative command of the statute is applicable to the situation and would justify such a modification of the judgment. The appellant's use of the public street having been unauthorized, the question is whether the court, in a proceeding to compel the borough president to remove the freight tracks in question, should, under the provisions of this section, confine its judgment to an alternative command that the railroad company restore the highway to its former state, or. to such state as not to have unnecessarily impaired its usefulness. I think that this provision of the statute has no application to the case. Under its charter and the general statutes, the appellant had the right to construct, and to maintain, a

railroad with single, or double, tracks within this strip of sixty feet in width, which it had acquired for the purpose, and it could make use of that strip for tracks, or such "appendages," as it might deem necessary, or convenient. When in the construction of its road, or of any "appendages," a highway would be intersected, then it was incumbent upon it to restore the highway "to its former state, or to such state as not to have unnecessarily impaired its usefulness." That is the application of section 11 and not to a case where, without warrant of law, the company, either for its convenience, or for its necessities, constructs other tracks over a street, or highway, outside of its chartered right of way. It was quite immaterial whether the company had acquired the fee of the land in the highway, in connection with other lands, for a railroad yard. Its ownership was subject to the public easement and it could not further incumber the street with additional tracks without first obtaining the authorization required by the statute. The trial court had no power to continue these encroachments upon the street, upon conditions, or in any mode; for they constituted illegal acts. (*People ex rel. Bacon* v. *Northern Cent. Ry. Co.*, 164 N. Y. 289, 299.)

The judgment, therefore, should be affirmed. Inasmuch, however, as in the record and upon the argument of this appeal, it has appeared that applications have been made and are pending in relation to the use, or closing, of Hamilton street before the municipal authorities and the public service commission, the affirmance of the judgment is without prejudice to the rights of the appellant, as it may be advised, to apply to the Special Term of the Supreme Court for a stay of proceedings upon the writ of mandamus, until such applications have been acted upon.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Judgment affirmed, with costs.