JAMES P. STAGE, Respondent, *v.* WILLIAM J. KLINGLER, Appellant.

Second Department, October 11, 1917.

**Real property — suit to compel removal of encroachments which overhang boundary line — erroneous direction of verdict — pleadings not raising issues.**

Action to compel the defendant to remove spouts, eaves and window shutters from his building which, the plaintiff contends, project over the boundary line and overhang his land. The complaint alleges nothing more than is essential to an action at law to recover real property, while the defendant, admitting the plaintiff's ownership, alleges a prescriptive right to maintain the encroachments by twenty years' user. On the evidence there was a question of fact for the jury as to whether some of the encroachments existed. In neither the verdict nor judgment was the property involved described or the nature of plaintiff's estate specified.

*Held,* that the court erroneously directed a verdict for the plaintiff and that the judgment should be reversed and a new trial granted, and the pleadings should be reformed so as to present the issues sought to be tried.

APPEAL by the defendant, William J. Klingler, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 15th day of November, 1916, upon the verdict of a jury rendered by direction of the court, both sides having moved for the direction of a verdict at the close of the case.

*Jonathan Holden,* for the appellant.

*Henry C. Henderson,* for the respondent.

STAPLETON, J.:

The plaintiff and the defendant are owners of contiguous building lots. The plaintiff's grievance, exposed by the evidence, is that there are on defendant's building a spout, eaves and window shutters which project beyond the defendant's line and over the plaintiff's land. To have them removed is the design of the litigation. The complaint is a lean one, alleging nothing more than is essential in an action at law to recover real property. The allegation of plaintiff's ownership of the real property described in the

complaint is not denied. The answer alleges, as new matter, that the defendant's house had stood, with the projections, for more than twenty years prior to the commencement of the action, in such circumstances that by prescription or adverse use a right to maintain them is established. There was a dispute whether some of the things enumerated did project over the line, and there was a question of fact on the issue tendered by the defense. The learned trial court erroneously directed a verdict for the plaintiff. The verdict and judgment are defective. In neither was the property involved described or the nature of plaintiff's estate specified. (Code Civ. Proc. § 1519.) The judgment cannot be enforced by execution. We have decided to reverse the judgment and grant a new trial to the end that a useful judgment may be rendered upon a permissible verdict or decision. (*Hahl* v. *Sugo*, 169 N. Y. 109.) It is to be hoped that the imperfect pleading will be so reformed before another trial as to present truly the precise issue which the record demonstrates the parties desire to try.

The judgment should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.