In the Matter of the Application of ALBERT CLEMENTS, Respondent, for a Peremptory Writ of Mandamus Directed to WILLIAM WILLIAMS, as Commissioner, etc., and Another, Respondents.

EDISON ELECTRIC ILLUMINATING COMPANY OF BROOKLYN and AMSTERDAM ELECTRIC LIGHT, HEAT AND POWER COMPANY, Appellants.

Second Department, March 19, 1920.

Gas and electricity — corporations — petition by resident and citizen for peremptory writ of mandamus directing president of borough of Brooklyn and others to remove poles and wires of electric company on sole ground that it has no franchise — action by Attorney-General proper remedy.

A peremptory writ of mandamus directing the president of the borough of Brooklyn and the commissioner of water supply, gas and electricity to remove certain poles and overhead wires from streets and avenues in a certain ward, upon the sole ground that the electric company has no franchise to use the streets of said ward and was never duly authorized to carry on its business therein, may not be granted where the petitioner alleges no special damage and bases his claim for relief entirely on the fact that he is a resident and citizen of said borough.

Even if among the large number of poles and wires that necessarily have been erected, there exists a pole or wire which the electric company was not entitled to erect or maintain, nevertheless a wise exercise of judicial discretion requires the denial of the writ on the part of such a citizen.

Moreover, the difficulty and danger of executing a writ of mandamus by the borough president is so apparent as to warrant the court in holding such execution to be impracticable.

An action brought on behalf of the People of the State through their Attorney-General against the electric companies if a cause of action exists, is the proper and practical remedy, as it is the right and duty of the Attorney-General alone to bring an action against a person who usurps, intrudes into or unlawfully holds or exercises a franchise within the State.

Mandamus can be granted only where there is a clear, legal duty imposed upon a public officer. It is not always demandable as an absolute right, and whether it shall be granted or not frequently rests in the discretion of the court.

REARGUMENT of an appeal by Edison Electric Illuminating Company of Brooklyn and another from that part of an order

Second Department, March, 1920.          [Vol. 191.

of the Supreme Court, made at Special Term and entered in the office of the clerk of the county of Kings on the 13th day of September, 1917, which grants to the petitioner herein an alternative writ of mandamus.

*Samuel F. Moran* [*George L. Ingraham* with him on the brief], for the appellants.

*Carr & Hill,* for the respondent Clements.

*Vincent Victory* [*Lamar Hardy, Corporation Counsel, Samuel J. Rosensohn* and *Frank Julian Price* with him on the brief], for the respondents commissioner of water supply and borough president.

JAYCOX, J.:

This proceeding was instituted for the purpose of securing a peremptory writ of mandamus directing the president of the borough of Brooklyn and the commissioner of water supply, gas and electricity to remove certain poles and overhead wires from certain streets and avenues in the thirtieth ward, borough of Brooklyn, city of New York, upon the ground that the Edison Electric Illuminating Company has no franchise from the State or from the former city of Brooklyn or from the city of New York to use the streets of the said thirtieth ward to carry on the business of supplying in said ward electric lighting service and was never duly authorized to carry on said business in said ward. The relator alleges and claims no special damage, but bases his claim for relief entirely on the fact that he is a resident and citizen of the borough of Brooklyn, city of New York. The application for a peremptory writ of mandamus was denied and an alternative writ was granted. The corporation defendants have appealed. The relator contends that authority for his right to maintain this proceeding is found in the following cases: *People ex rel. Pumpyansky* v. *Keating* (168 N. Y. 390); *People ex rel. Cross Co.* v. *Ahearn* (124 App. Div. 840, 845); *People ex rel. Browning, King & Co.* v. *Stover* (145 id. 259, 263); *Acme Realty Co.* v. *Schinasi* (154 id. 397); *Southern Leasing Co.* v. *Ludwig* (168 id. 233), and *People ex rel. Sibley* v. *Gresser* (205 N. Y. 24). None of these cases involves the question of a franchise. They are based upon some obstruc-

tion in the street and in most of the cases the existence of the obstruction was determinative of the relator's right to institute the proceeding, no franchise being involved.    The *Pumpyansky Case* (*supra*) related to a news stand erected under the elevated railway stairs, and it was held that the municipal assembly had the power to enact an ordinance providing.for the erection of such news stands.    No question of franchise was involved, and it was held that the relator, as a citizen, was entitled to institute the proceeding.    A portion of the building projecting in the street was the relator's grievance in *People ex rel. Cross Co.* v. *Ahearn* (*supra*); *People ex rel. Browning, King & Co.* v. *Stover* (*supra*) and *Acme Realty Co.* v. *Schinasi* (*supra*).    *Southern Leasing Co.* v: *Ludwig* (*supra*) was an action by a taxpayer under section 51 of the General Municipal Law to restrain the superintendent of buildings from permitting the erection of a sky sign.    In *People ex rel. Sibley* v. *Gresser* (*supra*) the appellant constructed a large number of tracks in a public street outside of its right of way and used them for the storage of freight cars.    Because of this the street was obstructed and the passage of the public interrupted.    The appellant's franchise was not involved.

Mandamus can be granted only where there is a clear, legal duty imposed upon a public officer.    In every instance where the writ has been granted in the above cited cases there 'has been a single structure, the presence of which could not be sanctioned under the statutes and ordinances.    Little analogy can be discovered between those cases and the present case, which involves a whole system of electric light poles and wires erected and maintained pursuant to franchises granted by the legislative body of the municipality under a claim of power and authority so to do.

In general, no private citizen has the power to question by resort to legal proceedings the action of a corporation as being *ultra vires* where he has no interests other than those of any other citizen.    The People, through their Attorney-General, are the proper parties, and the Attorney-General represents in such case the sovereignty which granted the charter.    (Code Civ. Proc. § 1948; *City of New York* v. *Bryan*, 196 N. Y. 158; *New York Central & H. R. R. R. Co.* v. *City of New York*, 142 App. Div. 578; affd., 202 N. Y. 212; *Geneva-Seneca Electric Co.*

v. *Economic P. & C. Co.*, 136 App. Div. 219; *People* v. *Bleecker Street & Fulton Ferry R. R. Co.*, 140 id. 611; affd., 201 N. Y. 594; *Starin* v. *Edson*, 112 id. 206; *Matter of Long Acre El. L. & P. Co.*, 188 id. 361.)

In *City of New York* v. *Bryan (supra)* the city sought to have it adjudicated that certain franchises granted by the boards of aldermen of the city of New York and Long Island City to the New York and Long Island Railroad Company had ceased and terminated for failure on the part of the grantee thereof to fully comply with the condition of the grant with respect to the construction of a tunnel under the East river. The Court of Appeals held that the right of the corporation to use the streets could only be determined in a litigation between the People of the State from whom the franchise sprang and all others interested therein. Chief Judge CULLEN, writing for the court, said: " Therefore the consent of the city was but a step in the grant of a single, indivisible franchise to construct and operate a street railroad." Further: " * * * the legal status of that franchise and the rights of the defendants, or the company to which they succeeded, to the property and structures created in the execution of the franchise should be determined only in a litigation between the People of the State, from whom the franchise sprang, and the defendants, wherein a determination will be binding and conclusive on everybody, and not in a suit between the defendants and third parties, unless it is absolutely necessary so to do."

In *New York Central & H. R. R. R. Co.* v. *City of New York (supra)* the city sought to remove from the city streets certain railroad tracks on the ground that the franchise granted by the People of the State had expired. The company was given an injunction. The court in its opinion said: " I think it was for the State and the State alone to question the right of the plaintiff to continue to use the franchise that the State had granted and that neither the municipal corporation nor any one else could by force prevent the exercise of that franchise so long as the State made no objection."

I think it is the right and duty of the Attorney-General alone to bring an action against a person who usurps, intrudes into or unlawfully holds or exercises within the State a franchise.

A writ of mandamus is not always demandable as an absolute

right, and whether it shall be granted or not frequently rests in the discretion of the court. It is not shown in this case that any one was being injured in any way by the maintenance of these poles and wires. They did not disturb traffic in any way; they were not improper structures in the street; they were not improperly located nor is there anything wrong about the method of construction and maintenance. The only claim is that a proper franchise did not exist. Under these circumstances, it is material to consider the effect of any interference with the corporation defendants' business. The extent and character of the business of the defendants are shown by an excerpt from the opinion of the court below: " Among other defenses which it asserts, the defendant Edison Company alleges in its answer that it is the only company furnishing electric current for light, heat and power in the Thirtieth Ward to public and private consumers. It alleges that it is supplying current to many public or municipal buildings and plants, and, in addition, to approximately 10,000 private consumers within the Thirtieth Ward; and it claims to have expended approximately $160,000 above the surface and $740,000 beneath the surface of the streets in that ward, in addition to more than $2,000,000 in the construction of its generating plant at Sixty-sixth street and the New York bay." (*People ex rel. Clements* v. *Williams*, 100 Misc. Rep. 569, 573.)

Even if among the large number of poles and wires that necessarily have been erected there exists a pole or wire which the defendants were not entitled to erect or maintain, I think a wise exercise of judicial discretion required the denial of the motion. The harm that would result from an erroneous decision and the removal of the poles and wires without warrant of law is so greatly in excess of any theoretical injury that results from their maintenance that I think it was an abuse of discretion to hold that they could be removed by means of a writ of mandamus. As I have before indicated, the writ of mandamus is not adapted to this situation. It would require the borough president to go among the wires and select and remove those wires which are found to be unauthorized. This would be a highly dangerous undertaking. It is not shown that he has any means of determining which wires are those erected without proper authorization or method of protecting his

employees from the deadly current contained in the wires in close proximity to those sought to be removed. It has been held in an action for ejectment where the trespass consists of a building projecting over the property line onto the adjoining land of the plaintiff that a judgment directing the sheriff to put the plaintiff into possession was impracticable of execution. (*Hahl* v. *Sugo,* 169 N. Y. 109, 117; *Stage* v. *Klingler,* 179 App. Div. 820.) The difficulty and danger of executing a writ of mandamus is so apparent as to warrant the court in holding such execution to be impracticable. An action brought on behalf of the People of the State, through their Attorney-General, against the defendants, if a cause of action exists, is a proper and practical remedy. The defendants themselves could then be compelled to remove any unauthorized poles and wires from the streets.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

JENKS, P. J., PUTNAM and BLACKMAR, JJ., concur; KELLY, J., concurs upon the first ground stated in the opinion.

Order reversed on reargument, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.