948

■     In the Matter of the Claim of James Fabregas, Respondent, against
Staten Island Rapid Transit Railway Company, Appellant. Workmen's
Compensation Board, Respondent.— Appeal by the employer, who is self-
insured, from a decision of the Workmen's Compensation Board dated March
12, 1951 which reversed the decision of the referee and held that the Work-
men's Compensation Board had no jurisdiction herein and that prior to and
at the time of the accident claimant was engaged in interstate commerce within
the meaning of the Federal Employers' Liability Act. The claimant was
employed as a passenger conductor on a train operating between points in
New York State. He was injured on December 19, 1948 when his train made
an emergency stop. The employer filed a report of injury with the board
and the claimant at the hearings subsequently held challenged jurisdiction
claiming that he was engaged in interstate commerce. At the time of the
accident the employer transported freight in both interstate and intrastate
commerce but it carried passengers solely in intrastate commerce. The claimant
had seniority on both the freight and passenger list of the employer but he
had not worked in freight service for eight years. It appears the claimant
occasionally flagged other trains including freight trains. The referee in
his decision made on December 27, 1949 found that State jurisdiction was
applicable and made an award. The claimant refused to accept the payment
of the award and filed a notice of appeal to this court on January 20, 1950.
At a meeting on January 5, 1951 the board rescinded its direction made on
December 15, 1950 to the Attorney-General to proceed with the appeal in
the case and it decided to review the case. In its decision dated March 21,
1951 it reversed the referee's decision and disallowed the claim finding that
the employer was engaged in interstate commerce, that the claimant was
employed in interstate commerce within the meaning of the Federal Employers'
Liability Act, that his duties were in furtherance of and directly or closely
and substantially affecting such interstate commerce and therefore the claim
did not come within the provisions of the Workmen's Compensation Law. On
April 10, 1951 the claimant withdrew his notice of appeal. The employer is
now appealing the board's decision of March 12, 1951. The appellant employer
maintains that at the time of his injury the claimant was not engaged in
interstate commerce within the meaning of the Federal Employers' Liability
Act; that the board had no power to reverse the referee's decision while an
appeal was pending from it to this court and that the board had jurisdiction
regardless of the fact that the employee did not file a claim. The board argues
that it was vested with continuing jurisdiction and had the power to review
the Referee's decision and award in spite of the pending appeal therefrom.
To come under the Federal Employer's Liability Act (U. S. Code, tit. 45,
§ 51) some part of the employee's duties must be in furtherance of interstate
commerce or directly or closely and substantially affect such commerce. If
any part of the employee's duties were in furtherance of interstate commerce
even though he was not so engaged at the time of injury he comes under
the Federal act. (Matter of Wright v. New York Central R. R. Co., 288 N. Y.
719.) It has been shown here that although claimant worked on a passenger
train engaged exclusively in intrastate commerce, he occasionally flagged other
trains, including freight trains, which the board could reasonably find were
engaged in interstate commerce on this record. The appellant relies on the
cases of Matter of Jones v. Schenectady Boys Club (276 App. Div. 879)
and Matter of Piekut v. Philip Fleischer, Inc. (276 App. Div. 702, 705) to
support its contention that the jurisdiction of the board to modify or change
its awards is suspended during the pendency of an appeal as to questions
raised by the appeal. In the Jones case (supra) the board held that claimant

was covered and made an award. The employer appealed and thereafter the board modified its award to reduce it somewhat. The court said: "No separate appeal has been taken from the award as finally made, but the continuing power of the board to modify or change its awards was suspended during the pendency of the appeal as to questions raised by the appeal, although in other respects its power over decisions and awards was unaffected. The modification did not affect the basic question of coverage raised on appeal which is here on the merits, and the point made by the board that the appeal is academic is not tenable." In the *Piekut* case (*supra*) the board reversed the referee, who had disallowed the claim, and sent it back for the making of an award. An appeal was taken by the employer and carrier and thereafter an award was made. The court held the appeal was properly taken and that where such an intermediate decision is appealed from and the board instead of moving to dismiss the appeal proceeds to make an award the effect of the appeal is to bring up for review the decision and the award based on it. The court also said that in the *Jones* case (*supra*) the same thing had been done, that is both decisions had been reviewed on the appeal of the first. In both these cases it was the party who had appealed the first decision that was also challenging the second. This court has recently discussed the question of the reconsideration of cases by the board while an appeal is pending in *Matter of Hutton* v. *Ford Motor Co.* (3 A D 2d 169). There an award was made and the self-insured employer appealed. The employer perfected its appeal by filing a printed record. The board then rescinded the previous decision and restored the case to the Referee Calendar for development of the issue of notice. The employer sought to have the Attorney-General file a note of issue and serve notice of argument and asked for a stay of the referee's hearing. The court was concerned with the expenses which the employer had incurred in perfecting its appeal from the first decision. It stated (p. 171): "We require, therefore, that when the board determines to re-examine a decision or award or to reopen a case during the pendency of an appeal, the Attorney-General make application to dismiss the appeal on the ground; and upon such application appropriate directions will be made as to the dismissal or suspension of the appeal and as to cost and disbursements to appellant or such other conditions may be imposed as may appear proper. All this may, of course, be done by stipulation." The court gave the board 15 days to move to dismiss the appeal on the ground that it had decided to re-examine the claim. In the present case it was the claimant who appealed from the referee's award and any rights which were created were done so in favor of the claimant. Although the Attorney-General did not here move to dismiss the appeal, which it seems would have been the proper procedure, the claimant did withdraw his appeal. The appellant employer was not prejudiced by this action. It can, as it has, appeal the subsequent decision of the board and any questions which might have been resolved in its favor on the claimant's appeal can now be considered by the court. As indicated above there is evidence in the record supporting the board's finding that the claimant's duties were in furtherance of and directly or closely and substantially affected interstate commerce and therefore its decision must be affirmed. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.