Jenkin R. Hockert, J.
In an action for a declaratory judgment and a permanent injunction, plaintiffs move for a temporary injunction. Defendant the Long Island Bail Boad Company (hereinafter referred to as the “ Long Island ”) moves pursuant to rule 3211 (suhd. [a], par. 7) of the Civil Practice Law and Buies to dismiss the complaint on the ground that it fails to state a cause of action.
All four causes of action asserted in the complaint are purportedly addressed against both defendants.
In the first cause of action plaintiffs allege that they are owners of property in the vicinity of a parcel of land known as 118-18 Union Turnpike, Kew Gardens, New York; that prior to February 19,1963, defendant Long Island was the owner thereof and subsequent to its acquisition had constructed “ railroad tracks on and over said property and did ever since run its trains over said property”; that on or about February 19, 1963, defendant Long Island ‘ ‘ did convey the fee to said premises to defendant, Adson Industries, Inc.” (hereinafter referred to as “Adson”); that defendant Long Island was incorporated by “ Special Enactment of the New York State Legislature as contained in Chapter 178 of the Laws of 1834 ” for the purpose of “ constructing and operating a public railroad and for no other purpose ”; that the aforesaid sale was in violation of said enactment and that it was made to enable defendant Adson to construct a large multiple dwelling over the railroad bed and that it has commenced the construction thereof.
In their second cause of action plaintiffs incorporate by reference certain pertinent allegations of the first cause of action and further allege that on four different occasions defendant Adson filed plans and specifications for the erection of a multiple dwelling with the Superintendent of Buildings in the Borough of *26 Queens and that on July 19, 1963, said superintendent issued a permit for the construction of a 19-story multiple dwelling; that the defendant Adson has commenced the construction of said dwelling and that the construction, maintenance and operation thereof will deprive plaintiffs, among other things, of the enjoyment and use of their property, the “ light, air, ventilation, quiet, view and privacy ” to which they are entitled as well as decrease the value of the private residences in the neighborhood and alter the character thereof; that the construction of said dwelling is causing their foundations to be weakened and thus is creating an unsafe and hazardous condition.
In the third cause of action plaintiffs incorporate by reference certain pertinent allegations of the first and second causes of action and further allege that they have appealed to the Board of Standards and Appeals of the City of New York from the decision of the Superintendent of Buildings denying their application to revoke the building permit issued to defendant Adson; that subdivision c of section 668 of the New York City Charter provides that an appeal shall stay all proceedings in furtherance of the decision appealed from and that defendant Adson, in violation thereof, has proceeded with the construction of the said dwelling.
In their fourth cause of action plaintiffs incorporate by reference certain pertinent allegations of the first cause of action and further allege that defendant Long Island violated the Railroad Law in that “ among other things ” it did not “ receive permission of the Public Service Commission of the State of New York for said sale as required by said Railroad Law and in that said sale was made to other than another railroad corporation in violation of said Railroad Law.”
Plaintiffs are individual owners of private dwellings in the vicinity of the parcel of land upon which the aforesaid multiple dwelling is being erected. In such capacity they seek to declare null and void the aforesaid conveyance of said parcel to defendant Adson, under which defendant Long Island retained a “ permanent and perpetual right and easement * * * of the sub-surface area and space ”. In addition thereto they seek a reconveyance of the parcel of land to the defendant Long Island and an order (1) enjoining defendant Adson from proceeding to construct the multiple dwelling and (2) requiring said defendant to remove all construction work completed to date.
It is clear that the property conveyed by defendant Long Island was deemed to have been required for a public use (Railroad Law, § 17) and that “ The public have an interest in the use of a railroad, and in the proper performance of every power *27 within the franchise conferred upon a railroad corporation ’ (Matter of New York & Harlem R. R. Co. v. Kip, 46 N. Y. 546, 551.) For the purpose of securing this public interest railroad corporations are subject to (1) the provisions of the Railroad Law, (2) the jurisdiction of the Public Service Commission (Public Service Law, § 5), (3) appropriate action by the Attorney-General of the State of New York (Executive Law, § 63-b), (4) complaints made to the Public Service Commission (Public Service Law, § 48), (5) complaints made to the Attorney-General (Executive Law, § 63-b) and (6) actions by individual citizens who have suffered special damage (cf. Matter of Clements, 191 App. Div. 279).
It appears that no action has been taken by either (1) the Public Service Commission on its own motion or upon any petition or complaint by a person aggrieved (Public Service Law, § 48) or (2) the Attorney-General upon his own information or upon the complaint of a private person (Executive Law, § 63-b). Furthermore, plaintiffs do not base their right to question the aforesaid conveyance upon any taxpayer’s statute (cf. Blanshard v. City of New York, 141 Misc. 609, affd. 236 App. Div. 663, affd. 262 N. Y. 5).
1 ‘ In general, no private citizen has the power to question by resort to legal proceedings the action of a corporation as being ultra vires where he has no interests other than those of any other citizen. The People, through their Attorney-General, are the proper parties, and the Attorney-General represents in such case the sovereignty which granted the charter.” (Matter of Clements, 191 App. Div. 279, 281, supra.) Assuming, therefore, without deciding that the aforesaid conveyance constituted a public injury and that a public right was violated, this action by plaintiffs in their capacity as hereinbefore described must depend upon a showing of special damage. (Cf. Graceland Corp. v. Consolidated Laundries Corp., 7 A D 2d 89, affd. 6 N Y 2d 900.)
Although plaintiffs allege damage to their property as well as a violation of other rights, said damage is based upon the construction of the aforesaid multiple dwelling. While it is true that the construction thereof was made possible by the aforesaid conveyance, plaintiffs’ special damage must be based upon the conveyance itself. With respect thereto they must demonstrate some disruption or curtailment of the operations of the railroad which in some manner affects them peculiarly as distinguished from the public at large. Upon the papers presented herein, plaintiffs have failed to show any such special damage. Accordingly, the first and fourth causes of action are insufficient as to defendant Long Island. The second and third causes of action *28 addressed against it are also insufficient, inasmuch as plaintiffs have failed to show that said defendant is a participant in the construction of the multiple dwelling. Therefore, the motion of the defendant Long Island is granted.
With respect to the motion for a temporary injunction against the remaining defendant Adson, plaintiffs must establish a clear right thereto. (2-4 Amsterdam Ave. Corp. v. Fabricant, 15 A D 2d 900; De Candido v. Young Stars, 10 A D 2d 922.) Plaintiffs’ claim for such relief against the remaining defendant is based upon (1) the illegality of the aforesaid conveyance (the first cause of action), (2) a violation of property as well as other rights (second cause of action), (3) a violation of subdivision c of section 668 of the New York City Charter (third cause of action) and (4) a violation of the Railroad Law (fourth cause of action).
In view of the reasons hereinbefore set forth with respect to defendant Long Island’s motion, this relief cannot be based upon the first or fourth causes of action. With respect to the second cause of action, plaintiffs have failed to demonstrate either (1) a clear right to the relief sought or (2) imminent danger or irreparable injury to plaintiffs ’ property. (Cf. Schwamm v. Alpert, 31 Misc 2d 768.) With respect to the third cause of action, plaintiffs contend that their appeal to the Board of Standards and Appeals stays all proceedings in furtherance of the action appealed from. (New York City Charter, § 668, subd. c.) That appeal, however, is not from the order of the Borough Superintendent granting the permit to defendant Adson, but from the denial of plaintiffs’ own application for a revocation thereof. Whatever else may be the effect of a stay with respect to the latter application, it could not affect the permit granted under the previous order, from which no appeal was taken and could in no event stay the construction operations of defendant Adson. Accordingly, the motion for a temporary injunction is denied.