MICHAEL FINTER, Respondent, v METRO NORTH RAILROAD et al., Appellants, et al., Defendant. (And Third-Party Actions.) [737 NYS2d 866] —In an action to recover damages for personal injuries, the defendants Metro North Railroad and the Metropolitan Transit Authority appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated April 26, 2001, as granted the plaintiff's cross motion for leave to amend his complaint to include a claim under the Federal Employer's Liability Act.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a police officer, sustained injuries when the stairs he was climbing at a construction site in Grand Central Terminal collapsed beneath him on November 23, 1997. In or about October 1998, he commenced this common-law negligence action against, inter alia, the appellants Metro North Railroad and the Metropolitan Transit Authority. In January 2001 the plaintiff cross-moved to amend his complaint to include a cause of action under the Federal Employer's Liability Act (45 USC § 56; hereinafter FELA). The appellants opposed the cross motion on the ground that the new cause of action was barred by the statute of limitations. The cross motion was granted.

Leave to amend a complaint shall be freely given unless the proposed amendment would cause prejudice or surprise to the opposing party (*see,* CPLR 3025 [b]; *Serratore v Vetere,* 137

AD2d 750). Furthermore, "[a]n amendment of a complaint to allege a new cause of action may be allowed, even where it would be time-barred standing alone, if the new cause relates back to the facts, circumstances and proof underlying the original complaint" (*Pinchback v City of New York*, 51 AD2d 733, 733-734). Here, the plaintiff's new claim under FELA arises out of the same facts as his original negligence claim, as both causes of action pertain to the injuries he sustained when the stairs collapsed beneath him, and under both claims he alleges that these injuries were caused by the negligence of the appellants. Since his original claim gave the appellants sufficient notice of the facts underlying his FELA claim, the Supreme Court properly determined that the plaintiff's amendment was not time barred (*see, Weitzenberg v Nassau County Dept. of Recreation & Parks*, 249 AD2d 538, 538-539). Ritter, J.P., Smith, Krausman and Townes, JJ., concur.