■ ALEX LINETSKIY et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [768 NYS2d 502]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (M. Garson, J.), dated August 23, 2002, which granted the defendant's motion to dismiss the complaint on the ground that it is barred by Workers' Compensation Law § 11.

Ordered that the order is affirmed, with costs.

After the plaintiff Alex Linetskiy, an employee of the New York City Transit Authority (hereinafter the TA), incurred injuries to his eye in a work-related accident, he and his wife commenced the instant action, alleging that the TA violated the Federal Employers' Liability Act (hereinafter FELA) (45 USC §§ 51-60) by failing to provide him with proper protective goggles. The TA served an answer alleging the exclusivity of the Workers' Compensation Law as an affirmative defense and then moved to dismiss the action based upon that affirmative defense. The plaintiffs, in opposition, contended that FELA preempts state law such as the Workers' Compensation Law (*see Matter of Fabregas v Staten Is. Rapid Tr. Ry. Co.,* 7 AD2d 948 [1959]).

The Supreme Court granted the motion, finding that FELA did not apply to the TA on the ground that the TA "is not a common carrier engaged in interstate commerce." We affirm.

45 USC § 51 provides, in pertinent part: "Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories . . . shall be liable in damages to any person suffering injury while he [or she] is employed by such carrier in such commerce." "Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter."

FELA is applicable to certain commuter railroads such as the Metro-North Railroad which operates across state lines (*see Longo v Metro-North Commuter R.R.*, 275 AD2d 238, 240 [2000]; *cf. Finter v Metro N. R.R.*, 291 AD2d 531 [2002]) and the Long Island Rail Road which operates solely in the State of New York (*see Greene v Long Is. R.R. Co.*, 280 F3d 224 [2002], *cert denied sub nom. Metropolitan Transp. Auth. v Greene*, 538 US 1031 [2003]; *Grasso v Long Is. R.R.*, 306 AD2d 378 [2003]).

The appellants contend that the Long Island Rail Road is indistinguishable from the TA on the ground that the Long Island Rail Road operates exclusively intrastate. However, unlike the TA, the Long Island Rail Road is classified as a railroad which is involved in interstate commerce (*see Long Is. R.R. Co. v Department of Labor of State of N.Y.*, 256 NY 498 [1931]), and the transportation of freight (*see People ex rel. Sibley v Gresser*, 205 NY 24, 26 [1912]) in interstate commerce (*see Matter of Fabregas v Staten Is. Rapid Tr. Ry., supra; see also Long Is. R.R. Co. v International Assn. of Machinists & Aerospace Workers*, 709 F Supp 376, 378 [1989], *mod on other grounds* 874 F2d 901 [1989], *cert denied* 493 US 1042 [1990]). The New York City transit system, on the other hand, carries only passengers in the City of New York.

There is a distinction between railroads which are covered by FELA and urban rapid transit systems which are not covered by FELA (*see Chicago Tr. Auth. v Flohr*, 570 F2d 1305 [1977]; *Felton v Southeastern Pa. Transp. Auth.*, 952 F2d 59, 62 [1991]; *Han Jie Yang v New York City Tr. Auth.*, 2002 WL 31399119 [2002], 2002 US Dist LEXIS 20223 [ED NY, Oct. 24, 2002], *affd* 2003 WL 21938615 [2003], 2003 US App LEXIS 16628 [2d Cir, Aug. 12, 2003]). The TA is not covered by FELA (*see Han Jie Yang v New York City Tr. Auth., supra*).

Accordingly, the action was properly dismissed on the ground that it is barred by Workers' Compensation Law § 11. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.