■ PAUL ZUCKERBERG et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. [906 NYS2d 282]—

In an action to recover damages for personal injuries pursuant to the Federal Employers' Liability Act (45 USC § 51 *et*

*seq.*), the plaintiffs appeal from an order of the Supreme Court, Queens County (Agate, J.), entered April 13, 2009, which granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff was a police lieutenant employed by the defendant, the Port Authority of New York and New Jersey (hereinafter the Port Authority). While stationed at John F. Kennedy International Airport, the injured plaintiff tripped over a door saddle, which allegedly had been improperly installed, while exiting the tour commander's office. After applying for and receiving workers' compensation benefits for the injuries he sustained in the fall, the injured plaintiff and his wife, suing derivatively, commenced this action against the Port Authority, pursuant to the Federal Employers' Liability Act (45 USC § 51 *et seq.*) (hereinafter FELA).

The Port Authority moved, inter alia, for summary judgment dismissing the complaint, arguing that FELA did not apply to this action, and that workers' compensation was the injured plaintiff's exclusive remedy. In an affidavit submitted in opposition to the Port Authority's motion, the injured plaintiff stated that he was assigned to a central lieutenant's pool, and he "would be randomly assigned to different areas," including the Port Authority Trans-Hudson Corporation (hereinafter PATH), a wholly-owned subsidiary of the Port Authority which operates a rail transit system connecting New York and New Jersey. Thus, although he was stationed at the airport on the day of the accident, the injured plaintiff asserted that he "regularly patrolled the PATH train system."

Concluding that FELA was inapplicable to the facts of this case, the Supreme Court granted that branch of the Port Authority's motion which was for summary judgment dismissing the complaint, and the plaintiffs appeal.

FELA provides, in relevant part, that:

"Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . .

"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter" (45 USC § 51).

The plaintiffs correctly contend that the Port Authority, in its capacity as the operator of an interstate railway transit system, may be subject to liability as an interstate "common carrier by railroad" within the meaning of FELA (*see Greene v Long Is. R.R. Co.*, 280 F3d 224 [2002], *cert denied sub nom. Metropolitan Transp. Auth. v Greene*, 538 US 1031 [2003]). Moreover, the plaintiffs correctly contend that FELA liability is not precluded by the fact that, at the moment of the accident, the injured plaintiff was engaged in the Port Authority's nonrail, intrastate operations, since the relevant inquiry under FELA is whether "any part" of the employee's duties furthers or substantially affects interstate commerce (45 USC § 51; *see Reed v Pennsylvania R. Co.*, 351 US 502, 507 [1956]; *Southern Pacific Co. v Gileo*, 351 US 493, 498 [1956]; *Rostocki v Consolidated Rail Corp.*, 19 F3d 104 [1994]).

Nonetheless, we conclude that, under the circumstances of this case, FELA does not apply. The statute provides that "[e]very common carrier by railroad *while engaging in* [interstate] commerce . . . shall be liable" (45 USC § 51 [emphasis added]). Thus, it is not enough that a defendant is generally, through one of its many subsidiaries, engaged in interstate commerce. Rather, the statute's plain language requires that the negligent acts be committed "while" the defendant is "engaging in" interstate commerce. For purposes of determining the applicability of FELA, an entity's interstate rail operations should be considered separately from that entity's operations which do not involve interstate rail travel (*see Felton v Southeastern Pa. Transp. Auth.*, 952 F2d 59 [1991]; *Greene v Long Is. R.R. Co.*, 99 F Supp 2d 268, 275 [2000], *affd* 280 F3d 224 [2002]; *see also Linetskiy v New York City Tr. Auth.*, 2 AD3d 503, 504 [2003]). Thus, for the Port Authority to be subject to liability under FELA, its allegedly negligent act must have been committed in connection with its interstate railway commerce operations.

Although, as noted above, FELA applies regardless of whether *the plaintiff* was engaged in interstate commerce at the moment of his injury, the statute requires that *the defendant* was engaged in interstate commerce when it performed the negligent act that caused the plaintiff's injury. In this case, the Port Authority's allegedly negligent installation of a door saddle in an airport office was not in any way connected to its operation of an interstate railway transit system.

Thus, FELA is not applicable in this case, and the Supreme Court properly granted that branch of the Port Authority's motion which was for summary judgment dismissing the complaint.

The parties' remaining contentions have been rendered aca-

demic in light of our determination. Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.