■ CHARLES FOSTER, Appellant, v PORT AUTHORITY OF NEW YORK & NEW JERSEY, Respondent. [61 NYS3d 894]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered March 8, 2016, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the claim under the Federal Employers' Liability Act (FELA) (45 USC § 51 et seq.) and the claim for common-law negligence, unanimously modified, on the law, to deny the motion as to the FELA claim, and otherwise affirmed, without costs.

Defendant is not entitled to summary judgment dismissing the FELA claim. In its capacity as the operator of an interstate railway transit system, defendant may be subject to liability as an interstate "common carrier by railroad" within the meaning of FELA if the alleged negligent act is committed in connection with defendant's interstate railway commerce operations (*see Zuckerberg v Port Auth. of N.Y. & N.J.*, 75 AD3d 503, 505 [2d Dept 2010]). It cannot be said as a matter of law that the alleged negligent act here—namely, defendant's decision to continue plaintiff's employment as a machinist despite plaintiff's disability—is divorced from defendant's railway operations. In addition, there is evidence that defendant had significant supervisory control over plaintiff's employment, because defendant's doctors evaluated plaintiff's physical condition and determined the restrictions to be applied to plaintiff's job duties; such supervisory control may be sufficient to bring plaintiff within the ambit of FELA (*see Smith v Metropolitan Transp. Auth.*, 226 AD2d 168 [1st Dept 1996], *lv denied* 89 NY2d 803 [1996], *cert denied* 520 US 1186 [1997]).

As to any statute of limitations argument, we note that defendant did not plead that defense. In any event the last injury plaintiff attributed to defendant's negligence manifested around June 2005, and the complaint was filed in April 2008, which is within the three-year statute of limitations (*see Anderson v BNSF Ry.*, 380 Mont 319, 337, 354 P3d 1248, 1262-1263 [2015], *cert denied* 577 US —, 136 S Ct 1493 [2016]).

Because FELA "wholly preempts State-law remedies for railway employees injured in the course of employment" (*Ganci v Port Auth. Trans-Hudson Corp.*, 258 AD2d 386, 386 [1st Dept 1999], *appeal dismissed* 93 NY2d 965 [1999]), and because the standards applied when deciding a FELA claim are similar to those applied in common-law negligence actions, but "are substantially relaxed" (*Hyatt v Metro-North Commuter R.R.*, 16 AD3d 218, 218 [1st Dept 2005]), plaintiff's duplicative common-law negligence claim is not reinstated. Concur—Acosta, P.J., Friedman, Webber, Oing and Moulton, JJ.