In the Matter of the Claim of PETER RANELLUCCI, Respondent, against NEW YORK CENTRAL RAILROAD COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The sole question presented is the liability of the appellant for medical services rendered in California by physicians who were duly qualified under the laws of that State but who were not authorized to render medical care in compensation cases under the provisions of section 13-b of the Workmen's Compensation Law. Claimant suffered a sacroiliac injury in New York State in 1943, while in the employ of the appellant. The workmen's compensation case was closed in 1948, on a finding that the claimant was permanently partially disabled, and the appellant was directed to furnish necessary medical treatment. The claimant moved to California in 1949. Thereafter he found that he needed medical treatment to alleviate pain resulting from the original injury and he advised the appellant of that fact. While the shortened record does not disclose what the appellant's response was, it may be inferred, from the fact that it took the position before the Workmen's Compensation Board that the treatment was unnecessary, that it declined to provide the treatment. The claimant thereupon retained two qualified physicians who gave him the necessary treatment. Upon the claimant's application, the case was reopened; the board found that the services were necessary and made an award for the services of the physicians. Upon this appeal, it is stipulated that " The treatments furnished by Drs. Walker and Towne in California were necessary " but the appellant contends that no award may be made for their services because they were not authorized to render services in compensation cases in the manner prescribed by section 13-b of the Workmen's Compensation Law. The provisions of section 13-b are, in our opinion, not applicable to the rendition of medical services outside the State. The New York statutory scheme was designed to prevent abuses in medical practice in workmen's compensation cases in this State (*Szold* v. *Outlet Embroidery Supply Co.*, 274 N. Y. 271). The statute deals only with the special licensing of New York State physicians to handle compensation cases. There is no provision by which an out-of-State physician, no matter how competent, may be so licensed, but the statute could not have been intended to prohibit the retention of a physician in another State in appropriate circumstances. While the only specific reference in the statute to out-of-State physicians is in subdivision (b) of section 13, which provides that in the case of persons injured outside the State, " the provisions as to selection of authorized physicians shall be inapplicable ", we believe that a similar rule must be applied in the

case of a person who is injured in the State but who subsequently moves out of the State and finds it necessary to obtain medical service in the State of his residence, for the treatment of his injury. The liability of the employer in such a case rests upon subdivision (a) of section 13, which requires the employer to provide necessary medical treatment. It may be noted however that, the new sections 13-a to 13-g being inapplicable, the employee has no right to select his own out-of-State physician in the first instance but must first request his employer to provide the necessary medical care (cf. § 13 as it read prior to amendt. by L. 1935, ch. 258, and subd. (b) of § 13 as amd. by that chapter). In the present case, the employer having failed to provide medical treatment upon request, the employee was at liberty to choose duly qualified physicians in the State of his residence and the board had the right to make an award for the reasonable value of their services. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *post*, p. 845.]