■ In the Matter of the Claim of JOSEPHINE BAKER, Now JOSEPHINE BLECKINGER et al., Respondents, against NIAGARA MOHAWK POWER CORPORATION et al., Appellants. WORKMAN'S COMPENSATION BOARD, Respondent.— Appeal from an award of death benefits made by the Workmen's Compensation Board to the widow and children of a deceased employee. One issue on appeal is whether the presumptions created by section 21 of the Workmen's Compensation Law, particularly the presumption against suicide, were overcome by substantial evidence. Another issue is whether the action of the board in reviewing the case on its own motion, and setting aside the decisions of the Referee and Board Panel, was illegal and unconstitutional. The Referee found against claimants on the issue of an industrial accident. A Board Panel, consisting of three members, affirmed this decision and said that the presumptions created by section 21 of the Workmen's Compensation Law had been overcome by substantial evidence. Claimants took an appeal but never perfected it. Instead the widow wrote a letter to the board, asking for a review of the case, and appended to it a clipping from a newspaper. It should also be said that she attempted to withdraw her appeal by stipulation. In any event the full board reopened and reviewed the matter on its own motion, and thereafter reversed the Board Panel, with one dissent, and made an award in favor of claimants. Decedent was employed as a shopman by the employer utility corporation for several years. He suffered at times from a mental illness, but the board could find, as it did in its memorandum decision, that he had never made any attempt at suicide and was not considered a suicide risk. Prior to the day of the incident he suffered gastric distress, dizziness and hypertension. He felt better the next morning and discussed plans for a children's birthday party with his wife. At work he appeared nervous to his supervisor but none of his fellow employees noticed anything unusual in his behavior. At 2:30 in the afternoon he assisted some other employees in carrying a bearing up to the fourth floor in the building in which he worked. He left them, saying he was going to a bathroom, and shortly thereafter a fellow employee on the second floor saw decedent falling horizontally down a shaft and strike the ground. He was instantly killed. The shaft opening on the fourth floor was surrounded by a railing consisting of two pipes, one 37 inches from the floor, with a toe plate 5 inches high. There was a water cooler next to the railing and there was testimony to the effect that employees occasionally sat on the railing. Medical opinion, for what it may be worth on such a question, was divided as to whether decedent committed suicide. The rationale of the

board's decision was that nothing in the record contradicted the possibility that decedent leaned over the railing, or sat on it, and accidentally fell to his death. Moreover, that there was no evidence of a strong motive for suicide, and any inference to be drawn from a possible recurrence of decedent's mental illness was negated by the fact that his fellow employees, with whom he worked to within a few minutes of his death, failed to notice anything unusual in his behavior. He had made a statement to his fellow employees that he would like to go up to the roof and jump off, but that was prior to his second confinement from which he was discharged in June of 1952, several months before the incident that caused his death. We should say that conflicting inferences might properly be drawn from the incident and the surrounding circumstances, and that the board was by no means obliged to find that the presumption against suicide had been overcome by substantial evidence (*Matter of Barker* v. *General Motors Corp.*, 5 A D 2d 1031). Moreover we see no reversible error in the fact that the board reopened the case on its own motion while an appeal was pending. Claimant widow was not pressing her appeal, indeed she had virtually abandoned it. The cases cited by appellants on this point present a very different situation. Whether the board's action in reopening was motivated by her letter and the newspaper clipping seems immaterial in view of the large scheme of the statute and the continuing jurisdiction given to the board. Award unanimously affirmed, with costs to the respondents to be divided equally. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.