■ In the Matter of the Claim of RONALD CONN, Respondent, v KOTASEK CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [603 NYS2d 247] —Yesawich Jr., J. P. Appeal from a decision of the Workers' Compensation Board, filed May 21, 1992, which ruled that fees to be paid to an out-of-State provider for treatment of a claimant injured in New York need not conform to the New York fee schedule.

Claimant fell from a ladder during the course of his employment in Chenango County; accident, notice and causal relationship were subsequently established for an injury to his back, as was an average weekly wage of $296.72. Thereafter, claimant moved to Florida where he began receiving treatment, including fusion surgery authorized by the Workers' Compensation Board, from Florida providers.

The workers' compensation insurance carrier objected to two bills submitted by a Florida physician on the ground that the two $50 charges for office visits were not in accordance with New York's fee schedule. Although the carrier initially requested arbitration, the Board found that determination of the fair value of services rendered outside of the State was not a proper subject for arbitration and referred the matter to a Workers' Compensation Law Judge (hereinafter WCLJ), who "resolved [the] A-1s [the carrier's objections to bills for claimant's treatment] in favor of the health providers", limiting payment, however, to the amount that the providers would be authorized to receive under the Florida workers' compensation system. Claimant's former employer and its carrier (hereinaf-

ter collectively referred to as the employer) appeal the Board's affirmance of this decision.

Primarily, it is the employer's contention that because Workers' Compensation Law § 13 (b), which sets out a standard for determining the fees to be paid for treatment and services furnished by out-of-State providers—statutorily "limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living"—applies only to claimants who are injured outside of New York, provider fees recoverable by claimants injured in New York must be calculated in accordance with the New York fee schedule, regardless of where the services are rendered. Initially, we note that inasmuch as the question presented (whether use of the New York fee schedule is mandated) does not involve a dispute as to the value of the medical aid provided, it is not governed by Workers' Compensation Law § 13-g and was properly referred to a WCLJ.

As for the merits, the Board's decision comports with this Court's holding in *Matter of Ranellucci v New York Cent. R. R. Co.* (282 App Div 789, 789-790, *affd* 306 NY 896) that the Board has the right, "in the case of a person who is injured in the state but who subsequently moves out of the state and finds it necessary to obtain medical service in the state of his residence", to make an award for the reasonable value of the services rendered. As noted in *Ranellucci,* this right arises not from Workers' Compensation Law § 13 (b), which on its face applies only to claimants injured outside of New York, but from Workers' Compensation Law § 13 (a), which requires the employer to provide "necessary medical treatment" *(supra,* at 790). Just as the requirement sought to be imposed in *Ranellucci,* that all providers be licensed in accord with the Workers' Compensation Law, would have indirectly prohibited a claimant from obtaining care outside the State, so too could the imposition of a fee schedule which bears no relation to the fees customarily charged for medical care in another State effectively render such care unavailable to a New York claimant.

In this instance, the Board discharged its duty to define a reasonable award by limiting the amount recoverable to that permitted under the Florida system, a determination which is clearly rational for, as the Board notes, it serves to place New York claimants on an equal footing with Florida claimants vis-à-vis obtaining medical care in Florida. The employer's contention that it was improper for the WCLJ to set this limit

without receiving any proof as to the prevailing value of the treatment in the Florida community, or as to the actual fees allowed under the Florida system, was not raised before the Board and thus has not been preserved for our review *(see, Matter of Ruffino v Rosen & Sons,* 142 AD2d 177, 181, *affd* 74 NY2d 861).

Crew III, White, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.