■ In the Matter of the Claim of TED W. FARCASIN, Respondent, v PDG, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [731 NYS2d 85] —Lahtinen, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed May 22, 2000 and October 10, 2000, which ruled, *inter alia*, that claimant had sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

Claimant began working for the employer as its director of research and publications on September 1, 1995. His job responsibilities required him to spend his workday sitting in a work station at a computer keyboard and monitor. Claimant had been promised by the employer's president that a new computer with a larger screen and an ergonomically designed work station would be installed prior to the start of his employment but they never were. By the end of his first month on the job, claimant had begun to experience pain in his neck and shoulders that radiated down to his arms and hands. He sought medical treatment near the end of October 1995; however, when his condition had not improved by November 6, 1995, claimant left his employment.

Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) rendered a decision in which claimant was found to have suffered an occupational disease involving his neck and shoulders that resulted from the employer's failure to provide him with an ergonomically correct work station and a more up-to-date computer. On appeal to the Workers' Compensation Board, the WCLJ's decision was affirmed in a decision filed May 22, 2000. The employer appealed from the Board's decision to this Court. While that appeal was pending, the Board issued an amended decision, filed October 10, 2000, modifying its previous decision by ruling that claimant had suffered an accidental injury in the course of his employment rather than an occupational disease. The employer then took an appeal to this Court from the Board's amended decision.

The employer takes issue with the Board's action in amending its prior decision. By statute, however, the Board has

continuing jurisdiction over matters presented before it and may modify prior decisions on its own initiative in the interest of justice (*see*, Workers' Compensation Law § 123; *see also*, *Matter of Schroeter v Grand Hyatt Hotel*, 262 AD2d 725), even when there is a pending appeal in the matter (*see*, *Matter of Baker v Niagara Mohawk Power Corp.*, 7 AD2d 788). We find no abuse of discretion in the Board's determination to open and amend its prior decision here, an action that was presumably effected to conform the Board's decision to the prevailing case law (*see*, *Matter of Schroeter v Grand Hyatt Hotel*, *supra*).

The Board's ruling that claimant suffered an employment-related accident is affirmed. The term, "accidental injury, lacks statutory definition" (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 136); however, case law provides that a claimant's accidental work-related injury can be sufficiently established by medical evidence demonstrating that the repetitive acts required by the claimant's employment caused a debilitating injury (*see*, *id.*, at 136-138; *see also*, *Matter of Friedlander v New York City Health & Hosps. Corp.*, 246 AD2d 937, 938). Contrary to the employer's assertions, a claimant need not have experienced a "sudden collapse" in order to substantiate a causally related accident. The symptoms of a claimant's accidental injury may have accrued gradually over a reasonably definite period of time so long as it can be demonstrated that the disability resulted from a special condition peculiar to his or her workplace (*see*, *Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 134; *Matter of Ochsner v New Venture Gear*, 273 AD2d 715, 716, *lv dismissed* 96 NY2d 731).

In view of the testimonial and documentary evidence contained in the record supporting the claimed accidental disability and given the wide latitude accorded to the Board in determining whether a disabling condition constitutes an accidental injury, we find that substantial evidence supports the Board's decision (*see*, *Matter of Baxter v Bristol Myers*, 251 AD2d 753).

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.