■ In the Matter of the Claim of ELIZABETH STEINHAUSER, Respondent, v ONTARIO COUNTY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [734 NYS2d 706] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed September 25, 2000, which ruled, *inter alia*, that claimant sustained an accident in the course of her employment.

Claimant, a motor vehicle representative, moved to a new office location in July 1998 and, as a result of the way her new work station was set up, she was required to work in an abnormal position on a repetitive basis. Within a few weeks, she began to experience pain in her right elbow and hand. In September 1998, she left work in tears as a result of the pain and she began treatment with a physician on September 28, 2000. There is medical evidence in the record that claimant

has a lateral right epicondylitis of the right elbow due to overuse at work. A Workers' Compensation Law Judge found that claimant's condition constituted an occupational disease. On the employer's appeal, the Workers' Compensation Board ruled that claimant's condition was not an occupational disease but, instead, her right elbow and hand injuries were the result of an accident and that the date of the accident was September 28, 2000.

On this appeal, the employer contends that the Board erred in changing the theory of the claim from occupational disease to accidental injury and that, in any event, claimant did not sustain an accident. The facts of this case are not materially distinguishable from those in *Matter of Farcasin v PDG, Inc.* (286 AD2d 840), where this Court affirmed a Board decision which changed the theory of a claim from occupational disease to accident based upon neck and shoulder injuries sustained by claimant as a result of having to perform work at an ergonomically incorrect work station. Accordingly, the decision is affirmed.

Crew III, J. P., Spain, Rose and Lahtinen, JJ. concur. Ordered that the decision is affirmed, without costs.