■ In the Matter of the Claim of GHANSHYAM PATEL, Respondent, v TAL TRANSPORTATION, INC., T/A, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [755 NYS2d 332] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed December 18, 2001, which, inter alia, ruled that claimant was entitled to a schedule loss of use award.

In April 1996, claimant was working as a driver transporting customers for Tal Transportation, Inc., T/A (hereinafter TTI), a car service company, when he was injured in an automobile accident. He filed a claim for workers' compensation benefits and a hearing, attended by TTI, was held before a Workers' Compensation Law Judge (hereinafter WCLJ). The WCLJ found, inter alia, that claimant was an employee of TTI and established the case for accident, notice and causal relationship for injuries to claimant's head, neck, back and left arm. On October 18, 2000, the Workers' Compensation Board affirmed the WCLJ's decision, specifically finding that an employment relationship existed between claimant and TTI. Thereafter, a further hearing, which was not attended by TTI, was held on the issue of permanency. Based upon a stipulation entered into between claimant and the Uninsured Employer's Fund, the WCLJ ruled that claimant was entitled to a 17½% schedule loss of use of the left arm. TTI appealed to the Board, which issued a decision on December 18, 2001 affirming it. TTI appeals.

TTI asserts that the Board's finding that it was claimant's employer is not supported by substantial evidence. TTI, however, never appealed from the Board's October 18, 2000 decision finding the existence of an employment relationship. Rather, it only appealed from the Board's December 18, 2001 decision addressing the schedule loss of use award. Consequently, claimant's appeal is untimely insofar as it seeks review of the propriety of the Board's finding of an employment relationship (*see* Workers' Compensation Law § 23; *Matter of Shell v Poughkeepsie Hous. Auth.*, 276 AD2d 843, 845 [2000], *lv dismissed* 96 NY2d 731 [2001]). Inasmuch as TTI does not challenge the schedule loss of use award, we affirm the Board's December 18, 2001 decision.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.