■ In the Matter of the Claim of DAVID BOWMAN, Respondent, v J & J LOG & LUMBER CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [758 NYS2d 852] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed October 19, 2001, which ruled that claimant was authorized to receive medical treatment by out-of-state medical providers.

Claimant, a New York resident, suffered a lower back injury while working as a machine operator for his New York-based employer. Claimant sought treatment at a nearby Connecticut hospital and subsequently began treating with a Connecticut-based orthopedist. The employer's workers' compensation carrier did not contest claimant's claim, but objected to his treatment by an out-of-state physician. Following a hearing on the matter, the Workers' Compensation Law Judge authorized claimant to receive out-of-state treatment, but limited the allowable fees for said treatment to New York's fee schedule. The Workers' Compensation Board affirmed, prompting this appeal by the employer and its carrier.

Generally, a workers' compensation claimant who is injured in New York is entitled to treatment by a physician of his or her choice so long as the physician is licensed to practice in New York and has been authorized by the Board to provide care and treatment to claimants (*see* Workers' Compensation Law § 13 [b]; § 13-a [1]; § 13-b). Although claimant does not fall under one of the statutory exceptions to this authorization requirement (i.e., emergency treatment, inpatient hospital treatment [*see* Workers' Compensation Law § 13-b (1)]), the Board found that it was "not unreasonable for a claimant who lives on the border with a neighboring state to seek treatment from a physician who practices in such other state." In *Matter of Ranellucci v New York Cent. R.R. Co.* (282 App Div 789 [1953], *affd* 306 NY 896 [1954]), this Court held that claimants who were injured in New York but have since moved to other states are entitled to receive treatment from qualified physicians in their new state. Reasoning that the statutory authorization requirement "could not have been intended to prohibit the retention of a physician in another State in appropriate circumstances" (*id.* at 789), this Court held that an employer remains liable to provide necessary medical treatment and care after a claimant has moved to another state (*see id.* at 790).

In our view, the "economic and humanitarian objects" of the Workers' Compensation Law (*Matter of Smith v Tompkins County Courthouse*, 60 NY2d 939, 941 [1983]) were properly served by the Board's decision in this case. Further, the Board is vested with the duty to establish reasonable fees for treatment by out-of-state physicians (*see Matter of Conn v Kotasek Corp.*, 198 AD2d 600, 601 [1993]). Here, in our view, the Board reasonably determined that New York's fee schedule would apply to treatment provided by claimant's out-of-state medical providers.

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.