■ In the Matter of the Claim of VERONICA PARSONS-ZIEBA, Respondent, v CORNELL UNIVERSITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 242]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed December 12, 2002, which ruled, inter alia, that claimant had sustained an accidental injury in the course of her employment and awarded workers' compensation benefits.

Claimant's employment as an administrative assistant required her to spend most of her workday using a computer keyboard and mouse. After approximately one year of full-time employment, claimant began to experience pain in her right wrist. In the fall of 2000, claimant experienced pain in her right arm, shoulder and neck. She sought medical treatment in March 2001 and was ultimately diagnosed as suffering from impingement syndrome, described by her physician as "tendonitis of the rotator cuff secondary to rubbing on the bone spur on . . . the shoulder blade." Her physician explained that the condition was causally related to the repetitive motions required by her employment-related duties. Claimant's condition was ameliorated by surgery in September 2001. The Workers' Compensation Board ruled that claimant had sustained an accidental injury within the course of her employment and awarded her benefits.

The employer and its workers' compensation carrier appeal, disputing the definition of claimant's disability as an "accidental injury" within the meaning of the Workers' Compensation Law. While the term "accidental injury . . . lacks a statutory definition" (*Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 136 [1994]), case law has established that an accidental, work-related impairment may be proven by medical evidence "demonstrating that the repetitive acts required by the claimant's employment caused a debilitating injury" (*Matter of Farcasin v PDG, Inc.*, 286 AD2d 840, 841 [2001]). Once this showing has been made, a sudden injury is not required (*see id.* at 841). Instead, the claimant's symptoms may accrue over a period of time so long as it can be established by medical evidence that a special condition peculiar to his or

her workplace gave rise to the disability (*see id.* at 841; *see also Matter of Steinhauser v Ontario County*, 289 AD2d 851 [2001]).

In the matter under review, expert medical evidence supports the Board's decision that claimant suffered an accidental injury. This includes the medical report and deposition testimony of Edward Koppel, a physician who examined claimant at the employer's health services facility. It was his opinion that claimant suffered from a partial, work-related disability caused by rotator cuff syndrome and tendonitis. Koppel's evidence was consistent with that given by Stephanie Roach, the orthopedic surgeon to whom he referred claimant after her symptoms failed to improve. Roach diagnosed claimant with work-related tendonitis of the rotator cuff, a condition that required surgery.

We are satisfied that the requisite substantial evidence supports the Board's finding of accidental disability. Inasmuch as the Board is accorded wide latitude in identifying accidental injuries, we conclude that its decision should not be disturbed (*see Matter of Baxter v Bristol Myers*, 251 AD2d 753, 753 [1998]). The remaining issues raised herein, including the assertion that the Board erred by excusing claimant's failure to give timely written notice of her claim pursuant to Workers' Compensation Law § 18 (*see Matter of Blain v Emsig Mfg. Corp.*, 249 AD2d 602, 603 [1998]), have been examined and found to be unpersuasive.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.