■ In the Matter of the Claim of KONSTANTINOS NOMIKOS, Respondent, v IONIC PAINTING CORPORATION, Appellant, and STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [810 NYS2d 543]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 4, 2004, which, inter alia, denied the employer's request for further development of the record.

Claimant injured his back while working for Ionic Painting Corporation in November 2000. The State Insurance Fund (hereinafter SIF) filed a C-7 form in February 2001 raising several issues, including the contention that its coverage had been canceled by Ionic in January 2000. Several hearings ensued and Peter Vangelotos, Ionic's president, received notice of hearings by certified mail and was subpoenaed to appear at the March 2002 hearing. Following the March 2002 hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) issued a written decision finding a compensable injury, making awards, and directing SIF to pay the awards without prejudice to the coverage issue. An underwriter from SIF testified in April 2003 and, thereafter, the WCLJ determined that SIF had not properly canceled the policy. SIF appealed and, in September 2003, the Workers' Compensation Board rescinded the WCLJ's determination and discharged SIF from the case upon its finding that the policy had been correctly canceled. No further appeal was taken regarding the discharge of SIF. Subsequently, a WCLJ determined in February 2004 that Ionic was responsible for the awards and Ionic appealed to the Board arguing that it had been denied the opportunity to cross-examine claimant's attending physician. The Board affirmed, finding that Ionic had failed to request such cross-examination. Ionic appeals.

Ionic contends that the evidence established neither an employment relationship nor an accident. Those determinations were made in a decision by the WCLJ that was not appealed to the Board and, accordingly, such issues have not been preserved for our review (see Matter of Romano v New York City Dept. of Corrections, 305 AD2d 872, 873 [2003], lv dismissed 1 NY3d

544 [2003]). Nor did Ionic properly preserve a challenge to the Board's decision discharging SIF since no appeal was filed from that decision (see Matter of Patel v Tal Transp., 303 AD2d 807, 807 [2003]; Matter of Shell v Poughkeepsie Hous. Auth., 276 AD2d 843, 845 [2000], lv dismissed 96 NY2d 731 [2001]). In any event, the record contains adequate evidence establishing the claim and supporting the Board's determination to discharge SIF. Furthermore, review of the record reveals that, contrary to Ionic's contention, it was afforded ample notice of the proceedings, and the suggestion that Vangelotos's alleged lack of knowledge of the law affords an excuse is without merit (see Matter of Reillo v Energy Saver Insulation Corp., 306 AD2d 775, 776-777 [2003]).

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.