■ In the Matter of SONJA NIKOLIC, Respondent, v REGENT WALL STREET HOTEL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [818 NYS2d 625]—

Mugglin, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed May 10, 2005 and November 17, 2005, which ruled, inter alia, that a report from a foreign health care provider was admissible to support a claim for benefits.

Claimant sustained compensable physical injuries in a work-related fall on December 8, 2000; a consequential psychiatric condition was subsequently established in a decision of a Workers' Compensation Law Judge (hereinafter WCLJ) that was filed in February 2003. In November 2004, a hearing was conducted to establish claimant's continuing compensable psychiatric disability. At the hearing, claimant offered two original, translated reports of a neuropsychiatrist in Serbia who had treated claimant in July and August 2004. The employer and its workers' compensation carrier (hereinafter collectively referred to as carrier) objected on the ground that the foreign doctor's credentials could not be established. The WCLJ permitted the reports and directed continued payment of compensation at a tentative rate. The carrier applied for review, which resulted in an initial decision by the Workers' Compensation Board that did not address the carrier's contention that the Serbian doctor's reports could not constitute prima facie evidence of claimant's continued psychiatric disability. The carrier filed a timely notice of appeal to this Court. More than six months after its initial decision, the Board issued an amended decision, in which it addressed the carrier's contentions, rejecting the objection to the Serbian doctor's report, and further determining that the carrier had not been prejudiced by the WCLJ's award of compensation prior to claimant's appearance for an independent medical examination. The carrier also appeals from the amended decision.

Acknowledging that a claimant who is injured within New York may seek treatment in a different state (*see Matter of Bowman v J & J Log & Lbr. Corp.*, 305 AD2d 888, 889 [2003]; *Matter of Conn v Kotasek Corp.*, 198 AD2d 600, 601 [1993]; *Matter of Ranellucci v New York Cent. R.R. Co.*, 282 App Div 789, 790 [1953], *affd* 306 NY 896 [1954]), the carrier contends that the

report of a doctor who is not licensed to practice medicine in the United States cannot provide prima facie evidence of claimant's disability. We conclude that this issue has been waived because, although the carrier was expressly reminded of its right to cross-examine the doctor, the record bears no evidence that it ever did so. We also reject the carrier's argument that it was prejudiced when the WCLJ filed a compensation award prior to claimant's independent medical examination, as the award was made at a tentative rate and was therefore subject to revision.

We are not persuaded by the carrier's contention that the Board lacked the authority to amend its decision during the pendency of the carrier's appeal from the initial decision. It was within the Board's continuing jurisdiction for it to sua sponte amend its initial decision (see Workers' Compensation Law § 123; Matter of Farcasin v PDG, Inc., 286 AD2d 840, 840-841 [2001]; Matter of Schroeter v Grand Hyatt Hotel, 262 AD2d 725, 726 [1999]; cf. 22 NYCRR 800.18 [b] [2]), and although the carrier had filed a notice of appeal from the Board's initial decision at the time the Board amended it, that appeal had not been perfected (see Matter of Farcasin v PDG, Inc., supra; Matter of Baker v Niagara Mohawk Power Corp., 7 AD2d 788, 789 [1958]; cf. Matter of Fabregas v Staten Is. R.T. Ry. Co., 7 AD2d 948, 949 [1959]; Matter of O'Brien v Hotel Statler, 3 AD2d 689 [1957]). In such circumstance, we perceive no abuse of discretion in the Board's determination to correct its prior decision, which revealed a misapprehension of the carrier's primary argument for reversal (see Matter of Farcasin v PDG, Inc., supra; compare Matter of Sinacore v Dreier Structural Steel, 97 AD2d 659 [1983]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.