■ In the Matter of the Claim of MIN KANG, Respondent, v AMEASIA CORPORATION, LTD., Appellant, and UNINSURED EMPLOYER'S FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [823 NYS2d 617]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed September 6, 2005, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

In an amended decision filed March 4, 2005, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant sustained a work-related injury and awarded workers' compensation benefits. Claimant's uninsured employer, asserting that it was not provided adequate time to evaluate claimant's medical report prior to the February 25, 2005 hearing upon which the WCLJ's determination was based, submitted an application to the Workers' Compensation Board requesting its review. The Board, in affirming the decision of the WCLJ, noted that the employer or its counsel had been present at hearings regarding the instant claim on December 5, 2003, June 7, 2004 and October 18, 2004. In addition to concluding that such appearances were evidence that the employer had ample time to prepare for the hearing but failed to do so, the Board observed that the employer's application for review had not been served on all interested parties despite its earlier admonishment to the employer regarding the necessity for such (*see* 12 NYCRR 300.13 [e] [1] [i]). The employer now appeals.

Inasmuch as a review of the record reveals that the Board's determination is supported by substantial evidence, we affirm (*see Matter of Nomikos v Ionic Painting Corp.*, 27 AD3d 843, 843-844 [2006], *lv denied* 7 NY3d 701 [2006]). Here, claimant suffered her injury in the course of her employment on May 14, 2003 and informed her employer that same day. Counsel for the employer, meanwhile, was specifically informed on October 18, 2004 that the matter would proceed to a hearing on February 25, 2005. Nevertheless, the employer's counsel waited until the day of the hearing to request copies of the medical reports, declined to cross-examine claimant, elected not to offer the employer's testimony and failed to ask for an opportunity to further develop the record. Accordingly, we will not disturb the Board's decision (*see Matter of Brown v Orange County Home & Infirmary*, 283 AD2d 797, 797-798 [2001]).

The employer's remaining claims were not presented to the Board and, thus, are not preserved for our review (*see Matter of Provenzano v Pepsi Cola Bottling Co.*, 30 AD3d 930, 932 [2006]).

Cardona, P.J., Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.