■ In the Matter of the Claim of LARRY JOLLEY, Appellant, v IND-VENTURE COMMUNICATIONS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [847 NYS2d 484]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed February 6, 2006, which reduced claimant's earnings award to the maximum partial disability rate.

On January 13, 1990 claimant, during the course of his duties as president of Ind-Venture Communications, Inc., was involved in a motor vehicle accident, as the result of which he suffered a seizure disorder, organic affective disorder and posttraumatic stress disorder. Unable to return to work by reason of his injuries, claimant applied for and was awarded workers' compensation benefits.

Claimant's case was closed in 1993 but subsequently was reopened at the behest of the State Insurance Fund when it was discovered that claimant was working part time through a sheltered workshop program. Following a hearing, a Workers' Compensation Law Judge found claimant to have a permanent total disability and made an award accordingly. The State Insurance Fund applied to the Workers' Compensation Board for review, as the result of which the Board reclassified claimant with a permanent partial disability and reduced his weekly benefits award accordingly. Claimant now appeals.

Initially, it should be noted that the Board rendered a decision in March 2005 wherein it reclassified claimant as being permanently partially disabled and, thereafter, in February 2006, rendered a separate decision wherein it reduced claimant's weekly benefits. Claimant has appealed from the latter decision but not the former, and he has therefore not preserved his challenge to the Board's finding of permanent partial disability (*see Matter of Nomikos v Ionic Painting Corp.*, 27 AD3d 843, 844 [2006], *lv denied* 7 NY3d 701 [2006]).

Having classified claimant as suffering from a permanent partial disability, the Board quite properly determined that he was entitled to the maximum benefit of $150 per week (*see* Workers' Compensation Law § 15 [6] [a]). Accordingly, the Board's decision is affirmed.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.