■ In the Matter of the Claim of JOHN SWANKO, Respondent, v DARLIND CONSTRUCTION et al, Appellants, and YONKERS CONTRACTING COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [962 NYS2d 435]—

Stein, J. Appeal from an amended decision of the Workers' Compensation Board, filed November 7, 2011, which, among other things, ruled that apportionment pursuant to Workers' Compensation Law § 44 is not applicable to claimant's workers' compensation award.

Claimant was employed for many years as a carpenter. Late in 2005, injuries to claimant's hips, knees, shoulders and wrists caused him to stop working. He thereafter filed a claim for workers' compensation benefits, asserting that repetitive trauma sustained in connection with his employment caused the disabling injuries. The employer and its workers' compensation carrier controverted the claim. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) established the claim as an accidental injury due to repetitive trauma. Subsequently, the WCLJ determined that, inasmuch as this is an accident claim and not an occupational disease claim, apportionment pursuant to Workers' Compensation Law § 44 does not apply. Upon appeal, the Workers' Compensation Board affirmed the WCLJ's determination and later issued an amended decision in which it also clarified the accident date. The employer and carrier now appeal the amended decision, solely arguing that the Board's denial of apportionment was in error because the claim should have been classified as an occupational disease, not an accident.

We find that the argument of the employer and carrier regarding classification of this claim as an accident rather than an occupational disease is not properly before us inasmuch as no appeal from the WCLJ's determination of this issue was taken (*see*

*Matter of Mistofsky v Consolidated Edison Co. of N.Y., Inc.*, 68 AD3d 1256, 1258 [2009]; *Matter of Nomikos v Ionic Painting Corp.*, 27 AD3d 843, 843-844 [2006], *lv denied* 7 NY3d 701 [2006]; *see also* Workers' Compensation Law § 23). In any event, were that decision properly before us, we would affirm it, as the record contains substantial evidence supporting the determination classifying the claim as an accident (*see Matter of Laib v State Ins. Fund*, 101 AD3d 1279 [2012]; *Matter of Parsons-Zieba v Cornell Univ.*, 2 AD3d 1044, 1044-1045 [2003]).

Peters, P.J., Lahtinen and Spain, JJ., concur. Ordered that the amended decision is affirmed, without costs.