■ In the Matter of the Claim of Barbara Canfora, Respondent, v Goldman Sachs Group, Inc. et al., Respondents, and Special Fund for Reopened Cases, Appellant. Workers' Compensation Board, Respondent. [973 NYS2d 812]—

Rose, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 17, 2012, which, upon remittal, among other things, transferred liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant suffered a compensable work-related injury on May 2, 2001. On May 29, 2008, the employer's workers' compensation carrier requested that liability be transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. The Workers' Compensation Board ultimately transferred liability to the Special Fund retroactively, with an effective date of May 30, 2006. Upon appeal, this Court reversed the Board's determination and remitted the matter for reconsideration, citing the Board's failure to follow a prior decision which stated that liability may not transfer to the Special Fund until the first day after the three and seven-year time limits set forth in Workers' Compensation Law § 25-a have expired, or give an explanation for departing from this precedent (93 AD3d 988 [2012]).

Upon remittal, the Board again determined that liability transferred to the Special Fund on May 30, 2006, concluding that Workers' Compensation Law § 25-a does not preclude a transfer of liability retroactive to a period of time prior to the lapse of seven years after the underlying injury and that any prior decisions by it to the contrary would not be followed. The Special Fund appeals.

We affirm. Clearly, "the Board is free to alter a course previously set out in its decisions, [provided] it set[s] forth its reasons for doing so" (*Matter of Catapano v Jaw, Inc.*, 73 AD3d 1361, 1362 [2010]; *see Matter of Williams v Lloyd Gunther El. Serv., Inc.*, 104 AD3d 1013, 1015 [2013]). Pursuant to Workers' Compensation Law § 25-a, liability is transferred to the Special Fund "when an application to reopen a closed case is made more than seven years from the date of injury and more than three years after the last payment of compensation" (*Matter of McLean v Amsterdam Nursing Home*, 72 AD3d 1309, 1310 [2010]; *see* Workers' Compensation Law § 25-a [1]). Here, there is no dispute that these conditions have been met and the only issue before us is whether the Board properly transferred liability to the Special Fund retroactively to a period of time prior to the lapse of seven years following claimant's injury.

While the retroactive transfer of liability to the Special Fund

is limited to no longer than two years prior to the date of the application to reopen (*see* Workers' Compensation Law § 25-a [1-a]; *Matter of Lynch v Buffalo Bills, Inc.*, 62 AD3d 1061, 1063 [2009]), there is no statutory requirement that there be a seven-year lapse from the date of a claimant's injury prior to the date of a retroactive transfer of liability (*see* Workers' Compensation Law § 25-a [1-a]). Accordingly, we conclude that the Board's determination, that Workers' Compensation Law § 25-a does not preclude a retroactive transfer of liability to the Special Fund to a time period within seven years of the underlying injury, is not unreasonable, irrational or inconsistent with the purpose of the statute (*see generally Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]; *Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist.*, 31 AD3d 836, 837 [2006]), and the Board has set forth sufficient reasons for no longer following any prior decisions to the contrary.

Spain, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.