■ In the Matter of the Claim of EDDIE WEST, Appellant, v TITAN EXPRESS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [981 NYS2d 628]—Garry, J. Appeal from a decision of the Workers' Compensation Board, filed November 6, 2012, which denied claimant's request for a variance.

The full background of this matter is set forth in a previous decision of this Court (112 AD3d 1279 [2013]). Briefly stated, claimant's physician sought a variance from the Workers' Compensation Board Medical Treatment Guidelines authorizing claimant to receive certain injections. In November 2012, the Workers' Compensation Board reversed a decision by a Workers' Compensation Law Judge that had authorized these injections. Claimant appealed. In April 2013, while the appeal was pending, but prior to the filing of the record and briefs, the Board issued a new decision that "amends and supersedes" the November 2012 decision—reaching the same ultimate conclusion, but upon a distinctly different analysis (*Employer: Titan Express Inc.*, 2013 WL 1784247, *1, 2013 NY Wrk Comp LEXIS 3364, *1 [WCB No. 3041 0151, Apr. 17, 2013]). Despite the timing, this Court was at no point informed of the amended decision and, therefore, upon discovering its existence, requested further briefing of the issues posed by these unusual procedural circumstances (112 AD3d at 1280). Supplemental briefs were thereafter timely submitted by the Board and the Special Fund for Reopened Cases, but no brief was submitted on behalf of claimant.

Initially, we find that it was within the Board's statutory authority and broad discretion to issue the amended decision (Workers' Compensation Law § 123; *see Matter of Schroeter v Grand Hyatt Hotel*, 262 AD2d 725, 726 [1999]; *Matter of Buchanon v Adirondack Steel Casting Co.*, 175 AD2d 971, 971 [1991]). Although there are circumstances in which the pendency of an appeal may limit the Board's continuing jurisdiction (*see Matter of Webb v TAD Temporaries*, 274 AD2d 767, 769 [2000], *lv denied* 95 NY2d 768 [2000]; *Matter of Hutton v Ford Motor Co.*, 3 AD2d 169, 171 [1957]; *Matter of Jones v Schenectady Boys Club, Inc.*, 276 App Div 879, 879-880 [1949]), no such limitation is imposed where a pending appeal has not yet been perfected or has been withdrawn, or where there has

been no resulting prejudice (*see Matter of Nikolic v Regent Wall St. Hotel*, 30 AD3d 885, 887 [2006]; *Matter of Farcasin v PDG, Inc.*, 286 AD2d 840, 840-841 [2001]; *Matter of Parella v Harrod Steel Erection Co.*, 19 AD2d 451, 453 [1963], *lv denied* 13 NY2d 600 [1964]; *Matter of Fabregas v Staten Is. R.T. Ry. Co.*, 7 AD2d 948, 949 [1959]; *see also* 22 NYCRR 800.18 [b] [2]). Here, claimant's appeal had not yet been perfected, the amended decision was apparently intended to revise and correct the previous analysis, and the amendment did not alter the substantive result (*compare Matter of Farcasin v PDG, Inc.*, 286 AD2d at 841).

Nonetheless, the amended decision, which by its terms superseded the initial decision, renders the present appeal moot. Accordingly, this appeal must be dismissed (*compare Matter of Bleakley v Verizon Servs. Group*, 104 AD3d 1099, 1100 [2013]; *Matter of Morrison v T & D Painting, LLC*, 53 AD3d 1026, 1027 [2008]).

Rose, J.P., Lahtinen and Stein, JJ., concur; Spain, J., not taking part. Ordered that the appeal is dismissed, as moot, without costs.