Matter of Gomez v Board of Mgrs. of Cipriani (2023 NY Slip Op 00900)

Matter of Gomez v Board of Mgrs. of Cipriani

2023 NY Slip Op 00900

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

534656 
[*1]In the Matter of the Claim of Alberto Gomez, Appellant,
v
Board of Managers of Cipriani et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 13, 2023 

Before:Egan Jr., J.P., Lynch, Clark, Ceresia and Fisher, JJ.

Ginarte Gallardo Gonzalez & Winograd, LLP, New York City (Timothy Norton of counsel), for appellant.
Gitto & Niefer, LLP, Binghamton (Jason M. Carlton of counsel), for Board of Managers of Cipriani and another, respondents.

Clark, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed December 27, 2021, which ruled that the carrier was not liable to pay for the medical treatment of claimant by an unauthorized physician, and (2) from a decision of said Board, filed March 22, 2022, which denied claimant's application for reconsideration and/or full Board review.
Claimant sustained various injuries as a result of a 2017 work-related accident, involving his head, neck, back, right hip, knee and ankle, as well as mood disorder and chronic pain disorder. Claimant thereafter submitted for payment medical bills related to treatment that he received in February, April and May 2021 from a duly-licensed physician in New Jersey, where claimant resides. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) objected to the payment of claimant's medical bills in C-8.1 forms on the basis that the Workers' Compensation Board had not authorized the physician — who was also licensed in New York — to provide such treatment. Following a hearing, the Workers' Compensation Law Judge agreed and found in favor of the carrier. A panel of the Workers' Compensation Board affirmed, finding that the carrier was not liable for payment to the New York licensed, but not Board authorized, physician. The Board thereafter denied claimant's application for reconsideration and/or full Board review. Claimant now appeals from both decisions.
"Generally, a workers' compensation claimant who is injured in New York is entitled to treatment by a physician of his or her choice so long as the physician is licensed to practice in New York and has been authorized by the Board to provide care and treatment to claimants" (Matter of Bowman v J & J Log & Lbr. Corp., 305 AD2d 888, 889 [3d Dept 2003], citing Workers' Compensation Law §§ 13 [b]; 13-a [1]; 13-b). Nevertheless, under our established precedent, "claimants who were injured in New York but [reside in] other states are entitled to receive treatment from qualified physicians in their [home] state" (Matter of Bowman v J & J Log & Lbr. Corp., 305 AD2d at 889), as the statutory authorization requirements "could not have been intended to prohibit the retention of a physician in another State in appropriate circumstances" (Matter of Ranellucci v New York Cent. R.R. Co., 282 App Div 789, 789 [3d Dept 1953], affd 306 NY 896 [1954]; accord Matter of Bowman v J & J Log Lbr. Corp., 305 AD2d at 889; see Workers' Compensation Law § 13 [a]; Matter of Gasparro v Hospice of Dutchess County, 166 AD3d 1271, 1272-1273 [3d Dept 2018]; Matter of Nikolic v Regent Wall St. Hotel, 30 AD3d 885, 886 [3d Dept 2006]; see also Matter of Conn v Kotasek Corp., 198 AD2d 600, 601 [3d Dept 1993]). We find no basis to deviate from our precedent here, where claimant received medical treatment in his home state of New Jersey from a New Jersey licensed physician.
We reject the carrier's contention that the Board's regulations compel [*2]a different result. Pertinent here, 12 NYCRR 323.1 provides, in relevant part, that a New York licensed physician is permitted to seek authorization from the Board to provide medical services under the Workers' Compensation Law and, being so permitted, "must obtain such authorization prior to treating injured workers under the Workers' Compensation Law" (12 NYCRR 323.1 [i]; see 12 NYCRR 323.1 [a]). We do not, however, read this provision to require a physician who provides medical services in another state and under a license obtained in that state to nevertheless seek authorization from the Board prior to treating a claimant merely because he or she also happens to be licensed in New York. The Board's contrary interpretation, requiring that New York licensed physicians obtain authorization to treat claimants even where services are rendered exclusively outside of this state and solely under a license obtained in that state, effectively limits an out-of-state claimant's meaningful choice of medical providers when seeking treatment. Such a result is contrary to the "economic and humanitarian object[ives]" of the workers' compensation law and places an undue burden upon such claimant (Matter of Smith v Tompkins County Courthouse, 60 NY2d 939, 941 [1983]; accord Matter of Bowman v J & J Log & Lbr. Corp., 305 AD2d at 889; see Workers' Compensation Law § 13 [a]; see also Matter of Quigley v Village of E. Aurora, 193 AD3d 207, 214 [3d Dept 2021], lv denied 37 NY3d 908 [2021]; Matter of Esposito v Petruzzi, 278 AD2d 698, 700-701 [3d Dept 2000]). Accordingly, we find the Board's application of 12 NYCRR 323.1 in this instance to be irrational and unreasonable and, thus, we need not accord it deference (see Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]; compare Matter of Myer Funeral Serv. Corp. v Zucker, 188 AD3d 1488, 1494 [3d Dept 2020]; Matter of Kigin v State of N.Y. Workers' Compensation Bd., 109 AD3d 299, 312 [3d Dept 2013], affd 24 NY3d 459 [2014]). In view of the foregoing conclusions, we reverse the decisions and remit the matter to the Board for further proceedings.
Egan Jr., J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the decisions are reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.