Matter of Brooks v New York City Tr. Auth. (2025 NY Slip Op 00130)

Matter of Brooks v New York City Tr. Auth.

2025 NY Slip Op 00130

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

CV-23-1472
[*1]In the Matter of the Claim of Jacquetta Brooks, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:December 11, 2024

Before:Garry, P.J., Lynch, Fisher, Powers and Mackey, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for New York City Transit Authority, respondent.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed July 12, 2023, which ruled that claimant was entitled to a 0% schedule loss of use award for her right arm, right leg and right foot.
In June 2017, claimant retired after working for the employer for 27 years as a train conductor and construction flagger. In July 2017, claimant filed a claim for workers' compensation benefits, and the claim was established for occupational disease relating to her right shoulder, right elbow, right hip, right knee and right ankle. In 2021, Gideon Hedych, claimant's treating physician, filed a permanency report indicating that claimant had reached maximum medical improvement and finding that she had sustained a 30% schedule loss of use (hereinafter SLU) of the right shoulder, a 2.5% SLU of the right elbow, a 15% SLU of the right hip, a 17.5% SLU of the right knee and a 30% SLU of the right foot. Hedych testified that, in reaching those SLU percentages, he did not compare the range of motion of claimant's injured body parts to that of her contralateral left side body parts because she had previously injured the contralateral body parts while working in 2014, relying on the 2018 New York Workers' Compensation Guidelines for Determining Impairment (hereinafter the guidelines). In contrast, Sean Lager, an orthopedic surgeon who examined claimant on behalf of the employer, found that a comparison of the range of motion of claimant's contralateral body parts was indicated. In making that comparison, Lager found the measured range of motion of the subject body parts was identical or nearly identical to that of the contralateral body parts. In light of these findings, Lager opined that claimant sustained a 0% SLU of all of the subject body parts.
Following depositions of the medical experts, a Workers' Compensation Law Judge awarded claimant a 32.25% SLU of the right arm, a 40% SLU of the right leg and a 30% SLU of the right foot. Upon administrative review, the Workers' Compensation Board reversed, finding that given the nature of claimant not having permanent impairments to her contralateral members, a comparison of the range of motion of the subject members to the contralateral members was indicated, and, crediting Lager's finding that the subject members and the contralateral members had almost identical ranges of motion, determined that claimant had a 0% SLU of the right arm, right leg and right foot. Claimant appeals.
"SLU awards are made to compensate for the loss of earning power or capacity that is presumed to result, as a matter of law, from permanent impairments to statutorily-enumerated body parts" (Matter of Taher v Yiota Taxi, Inc., 162 AD3d 1288, 1289 [3d Dept 2018] [citations omitted], lv dismissed 32 NY3d 1197 [2019]; see Workers' Compensation Law § 15 [3] [a]-[v]; Matter of Garofalo v Verizon N.Y., Inc., 227 AD3d 1350, 1352 [3d Dept 2024]). "Whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions [*2]for the Board to resolve[,] and, thus, the Board's determination will be upheld provided that it is supported by substantial evidence" (Matter of Semrau v Coca-Cola Refreshments USA Inc., 189 AD3d 1873, 1874 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d 1413, 1416 [3d Dept 2022]).
Claimant contends that the Board erred in finding 0% SLUs based upon a comparison of her contralateral members. We agree. According to the guidelines, when preparing a report on permanent impairment, deficits in range of motion "should be measured by comparing to the baseline reading of the contralateral member, if appropriate," and "[u]sing the contralateral is not appropriate where the opposite side has been previously injured or is not otherwise available for comparison" (New York Workers' Compensation Guidelines for Determining Impairment § 1.3 [3] [b] at 7 [2018]). The guidelines do not indicate what constitutes a previous injury or the extent of such injury necessary to render a comparison of the contralateral member inappropriate. According to the Board's interpretation of the guidelines, such comparison is inappropriate "only when there is evidence of a permanent physical or functional impairment to the member resulting from a traumatic injury or other condition which does not affect the injured member," and "[i]t will be presumed that it is appropriate to use the contralateral member for comparison absent evidence of permanent physical or functional impairment to the contralateral member which is not present in the member which was injured at work" (Employer: County of Nassau Civ. Serv., 2024 WL 4184604, *4, 2024 NY Wrk Comp LEXIS 5489, *8-9 [WCB No. G317 3735, Sept. 5, 2024] [emphasis added]; see Employer: NYC Dept. of Corrections, 2024 WL 1222171, *3, 2024 NY Wrk Comp LEXIS 1696, *7-8 [WCB No. G310 4944, Mar. 13, 2024]; Employer: DOCCS Hale Creek ASACTC, 2021 WL 391065, *3, 2021 NY Wrk Comp LEXIS 510, *8-9 [WCB No. G143 4828, Jan. 27, 2021]). Based upon this interpretation, the Board found Lager's utilization of claimant's contralateral members to be appropriate and credited his conclusions that claimant suffered from 0% SLUs of the affected members.
Initially, we agree that evidence of a permanent physical or functional impairment of the contralateral member due to traumatic injury or other condition that does not affect the subject member would render a comparison to the contralateral member when determining range of motion inappropriate. However, comparing contralateral members that have temporary physical or functional impairments, either due to work-related or nonwork-related injuries, would also be inappropriate as such comparisons could equally result in inequitable range of motion findings. In our view, the Board's interpretation of section 1.3 (3) (b) of the guidelines to apply only to permanent physical or functional impairments is unreasonable and cannot be upheld (see [*3]generally Matter of Gomez v Board of Mgrs. of Cipriani, 213 AD3d 1096, 1098 [3d Dept 2022]). Here, the Board rejected Hedych's findings that a comparison of the contralateral members was inappropriate due to a lack of evidence that the injuries that claimant suffered to those members in the 2014 work-related accident resulted in permanent impairments. Under these circumstances, we remit the matter to the Board so that a proper assessment regarding a comparison of contralateral members may occur (see generally Matter of Blue v New York State Off. of Children & Family Servs., 206 AD3d 1126, 1132 [3d Dept 2022]; Matter of Carlucci v Omnibus Print Co., Inc., 68 AD3d 1259, 1260 [3d Dept 2009]).
Lynch, Fisher, Powers and Mackey, JJ., concur.
ORDERED that the decision is reversed, on the law, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.